**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5110-15T3

IN THE MATTER OF A PETITION
FOR EXPUNGEMENT OF MARTIN V.
CARLUCCIO.

_____

Submitted June 26, 2017 — Decided July 13, 2017

Before Judges Fisher and Fasciale.

On appeal from Superior Court of New Jersey,
Law Division, Bergen County.

Martin V. Carluccio, appellant pro se.

Gurbir S. Grewal, Bergen County Prosecutor,
attorney for respondent (Vered Adoni,
Assistant Prosecutor, of counsel and on the
brief; Michael R. Philips, Assistant
Prosecutor, on the brief).

PER CURIAM

Martin V. Carluccio (Carluccio) appeals from an April 22,
2016 order denying his petition to expunge criminal records
pursuant to the Expungement of Records Act, N.J.S.A. 2C:52-1 to -
32.1. We affirm.

On appeal, Carluccio raises the following contentions:

[POINT I]

THE APPLICABLE STATUTORY SCHEME DOES NOT JUSTIFY THE DENIAL OF THE APPELLANT['S] APPLICATION FOR EXPUNGEMENT OF HIS CRIMINAL RECORD AND DOES IN FACT SUPPORT HIS MOTION. THE STATE'S ARGUMENT RELIES ON OUTDATED LAWS AND DECISIONS WHICH ARE CONTRADICTORY TO THE CURRENT AMENDMENTS.

POINT I[I]

THE AMENDMENTS MADE TO [N.J.S.A.] 2C:52-6 CLEARLY DO NOT EXCLUDE APPELLANT'S PETITION.

POINT II[I]

THE AMENDMENTS MADE TO [N.J.S.A.] 2C:52-6(5)(C) SUPPORT THE ARGUMENT PUT FORTH BY APPELLANT BY SPECIFICALLY NAMING PTI ([N.J.S.A.] 2C:43-12) AND STATING PERSONS WOULD ONLY BE BARRED FROM THIS RELIEF UNTIL SIX MONTHS AFTER THE ORDER OF DISMISSAL.

POINT I[V]

THE PROVISIONS OF [N.J.S.A.] 2C:52-6(5)(b) STATE THAT THE EXPUNGEMENT NEED NOT BE ORDERED BY THE COURT AT THE TIME OF ADJUD[I]CATION.

POINT []V

IN DIVULGING THE EXISTENCE OF THE EXPUNGED ARREST THE STATE POLICE VIOLATED [N.J.S.A.] 2C:52-17 AND [N.J.S.A.] 2C:52-15.

POINT V[I]

THE PROVISIONS OF [N.J.S.A.] 2C:52-27 SUPPORT THE APPELLANT'S ARGUMENT THAT THE EXPUNGED PTI WAS IMPROPERLY USED IN THE DENIAL OF HIS PETITION.

A-5110-15T3

POINT VI[I]

[N.J.S.A.] 2C:52-8 SPECIFIES STATEMENTS TO
ACCOMPANY A PETITION FOR EXPUNGEMENT WHICH
REFERENCE EXPUNGEMENTS OF PRIOR CONVICTIONS.
[N.J.S.A.] 2C:52-8(c) MAKES NO [INFERENCE]
THAT PRIOR DISMISSAL FROM A DIVERSIONARY
PROGRAM WILL HAVE ADVERSE EFFECTS UPON AN
EXPUNGEMENT APPLICATION.

We conclude Carluccio's arguments are "without sufficient merit to warrant discussion in a written opinion[.]" R. 2:11-3(e)(2). We add the following brief remarks.

We review a judge's interpretation of the expungement statute de novo. State v. Gandhi, 201 N.J. 161, 176 (2010). "Assuming no error of law, we defer to [the judge's] exercise of discretion so long as it was not 'clearly unreasonable in the light of the accompanying and surrounding circumstances[.]'" In re LoBasso, 423 N.J. Super. 475, 496 (App. Div. 2012) (quoting Smith v. Smith, 17 N.J. Super. 128, 133 (App. Div. 1951), certif. denied, 9 N.J. 178 (1952)). The judge correctly applied the law and did not abuse his discretion in denying Carluccio's expungement petition.

In 1993, the police arrested Carluccio and charged him with weapons offenses. The prosecutor dismissed the charges after Carluccio successfully completed the Pretrial Intervention Program (PTI). In 2007, the court expunged Carluccio's record as to these charges.

In 1996, the police arrested and charged Carluccio with aggravated assault and possession of a weapon for an unlawful purpose. He pled guilty to aggravated assault, and received a five-year probationary sentence. Carluccio violated the terms of his probation and, in March 2000, the court sentenced him to three years in prison.

In September 2010, Carluccio filed his petition to expunge the records as to his aggravated assault conviction. In April 2016, the judge conducted a hearing, denied the petition, and entered the order under review. In entering the order, the judge relied on N.J.S.A. 2C:52-14(f). In June 2016, the judge denied Carluccio's motion for reconsideration.

Pursuant to N.J.S.A. 2C:52-14(f), the court must deny an expungement petition when "[t]he person seeking the relief of expungement of a conviction for a disorderly persons, petty disorderly persons, or criminal offense has prior to or subsequent to said conviction been granted the dismissal of criminal charges following completion of a supervisory treatment or other diversion program." Carluccio previously applied for admission into the PTI program, participated in the program, and successfully completed it. Thus, the court correctly denied Carluccio's petition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION